UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JEFFREY CROSLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-142 |
| | ) | |
| CITY OF SAVANNAH, GEORGIA, | ) | |
| and CHIEF ELZIE KITCHEN, in | ) | |
| his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Currently before the Court is Defendants City of Savannah, Georgia and Chief Elzie Kitchen's Motion to Strike Portions of the Declaration of Rhonda Ruesch or, in the alternative, to Reopen Discovery for the Limited Purpose of Deposing Ruesch. Doc. 52. Defendants have also moved to stay the summary judgment briefing scheduling pending the Court's resolution of the Motion to Strike. Doc. 53. Plaintiff responded in opposition to both motions, doc. 54, and Defendants replied, doc. 57. Both Motions are ripe for review.

In his response to Defendants' Motion for Summary Judgment, doc. 41, Plaintiff attached as an exhibit the Declaration of Rhonda Ruesch. Doc. 49-2. Defendants move to "strike" portions of the affidavit because,

1

although Plaintiff disclosed Ruesch as a potential witness during discovery, he did not disclose certain topics on which she was expected to testify, topics which are now included in her affidavit. *See* doc. 52. Although nominally a request to "strike" the exhibits from the record, the Motion is in substance a request for discovery sanctions under Federal Rule of Civil Procedure 37(c)(1) for an alleged failure to completely disclose all the topics on which Ruesch has knowledge. *See* doc. 52 at 6.

The Federal Rules require parties to disclose the name and identifying information of persons "likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Additionally, the disclosing party has a continuing duty to supplement its disclosure upon learning that a previous disclosure was incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

" 'The party failing to comply with Rule 26(a) bears the burden of establishing that its non-disclosure was either substantially justified or harmless.'" *Caviness v. Holland*, 2011 WL 13160390, at *2 (S.D. Ga. Mar. 17, 2011) (quoting *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 683 (M.D. Fla. 2010)). "Substantial justification is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply." *Hewitt*, 268 F.R.D. at 682 (internal quotation marks and citations omitted). As to the issue of harm, "[a] failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to the disclosure." *Hewitt*, 268 F.R.D. at 683 (citation omitted).

There is no dispute that Plaintiff disclosed Ruesch as a potential witness in his Initial Disclosures, *see* doc. 52 at 2; instead, the question is whether Plaintiff's disclosure was sufficient. Relevant to this dispute, Plaintiff's Initial Disclosures identify Ruesch as an "individual likely to have discoverable information," providing as follows:

> Ronda Ruesch, personal address unknown, was at relevant times Executive Assistant to Chief Kitchen.  Ruesch has

discoverable information regarding retaliatory conduct toward Plaintiff.

Doc. 54-1 at 2-3.  Later in discovery, Plaintiff served a Supplemental Response to Defendants' Interrogatory 13, which sought the identification of "all complaints (formal or informal) filed or raised with the Savannah Fire Department by Plaintiff" and the name and contact information of each person to whom Plaintiff directed any such complaints and who may have witnessed the complaints.  Doc. 52-1 at 4.  In his supplemental response, Plaintiff identified Reusch, stating:

> Reusch sent Plaintiff text messages about contacting her.  In phone conversations, Reusch told Plaintiff that Kitchens lied about him and forced her to write a letter reinforcing the lie.  She claimed that Kitchen threatened to terminate anyone who did not write a letter if he asked them to.  Plaintiff will produce the text messages.

Doc. 52-1 at 5 (unedited).  Plaintiff did produce the identified text messages, doc. 41-1 at 120, and Defendants' counsel questioned Plaintiff about those messages during his deposition, *id.* at 45.

Defendant argues these disclosures and responses are insufficient under Rule 26, since after discovery closed Plaintiff provided a declaration from Reusch in response to Defendants' Motion for Summary Judgment that includes her sworn testimony on additional topics.  Doc. 52 at 4.  The portions of the affidavit Defendants take issue with discuss

Ruesch's participation in preparing Chief Kitchen for interviews for two Assistant Fire Chief positions, ability to hear conversations from Chief Kitchen's office, her knowledge of Kitchen's intention not to select Croslen for the Assistant Fire Chief position and Kitchen's consideration of race in making the decision, her knowledge of an investigation into Croslen, and her knowledge about certain events surrounding Croslen's termination.  *See id.* at 11 (identifying paragraphs 3-12 and 19-22 as those sought to be stricken); doc. 49-2 at 1-4 (the offending paragraphs). Defendants contend Plaintiff's discovery disclosure failed to include "Ruesch's purported knowledge regarding (1) the Assistant Chief promotional process; (2) the alleged 'quota' that was used as part of that process; or (3) the March 2023 investigation of Plaintiff."  Doc. 52 at 6-7.

    Defendants are correct that, despite the relatively broad nature of Plaintiff's initial disclosure, *see* doc. 41-2 at 2-3, even as supplemented by the response to Defendants' Interrogatory 13, there is information included in Ruesch's declaration that exceeds the scope of that disclosure. Defendants' knowledge of Ruesch's identity and ability to depose her does not cure the deficiency.  *See, e.g.*, *Gonzalez v. State of Fla. Dep't of Mgmt. Servs.*, 124 F. Supp. 3d 1317, 1326-27 (S.D. Fla. 2015).  However, striking

5

those portions of the declaration is not warranted in this circumstance. Unlike the offending party in *Edwards v. Nat'l Vision, Inc.*, 946 F. Supp. 2d 1153, 1159-60 (N.D. Ala. 2013), there is no indication that Plaintiff withheld Reusch's declaration or otherwise falsely testified about her knowledge. There is no need to take such a harsh approach here. Therefore, the Defendants' Motion is **DENIED**, in part. Doc. 52, in part.

However, some opportunity for Defendants to cure any harm is appropriate. Therefore, as requested as alternative relief in the Defendants' Motion, doc. 52 at 9-11, the Court will afford Defendants a limited reopening of the discovery period to depose Ruesch and conduct any other related discovery to cure any prejudice that Defendants would otherwise encounter from the deficient disclosure. *See* Fed. R. Civ. P. 37(c)(1) (identifying "harmlessness" as a reason to not impose sanctions). The Defendants' Motion is, therefore, **GRANTED**, in part. Doc. 52, in part. Since the additional discovery may alter the Defendants' Motion for Summary Judgment, the currently pending Motion is **TERMINATED**. Doc. 41. The Court will set a new deadline for filing civil motions at the conclusion of the limited discovery period. The Defendants' Motion to Stay MSJ Briefing Schedule is **DISMISSED AS**

6

**MOOT**. Doc. 53. Plaintiff's Motion to Supplement Record with New Eleventh Circuit Authority is likewise **DISMISSED AS MOOT**. Doc. 56. Plaintiff can cite to any new or updated authority in response to any re-filed dispositive motion.

Therefore, pursuant to Federal Rule of Civil Procedure 16(b)(4), the following deadlines shall apply. These deadlines shall not be extended except upon a specific showing of good cause and order of the Court. Fed. R. Civ. P. 16(b)(4). It is the Court's expectation that the parties will not need an extension of these deadlines. The showing of good cause necessary to obtain an extension of any of these deadlines requires a specific showing of what the parties have accomplished to date in discovery, what remains to be accomplished, and why the parties have not been able to meet the Court's deadlines. Bare boilerplate assertions such as "the parties have diligently pursued discovery to date, but additional time is necessary" will not suffice to establish good cause.

Additionally, should any party seek an extension of these deadlines or seek the extension of any other deadline in this case (including an extension of a deadline to respond to a motion or file any other pleading), the party should first contact all other parties and determine if the other

parties join in, consent to, or oppose the request for an extension. When filing the motion for an extension, the party requesting the extension must state in their motion for an extension whether the other parties join in, consent to, or oppose the request for an extension.

| | |
|---|---|
| DEADLINE TO CONDUCT DISCOVERY RELATED TO THE DECLARATION OF RHONDA RUESCH | February 9, 2026 |
| LAST DAY FOR FILING ALL CIVIL MOTIONS, INCLUDING *DAUBERT* MOTIONS, BUT EXCLUDING MOTIONS IN LIMINE | February 23, 2026 |

**SO ORDERED**, this 12th day of January, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA